**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553
**Counsel for Plaintiff**

**MAYER BROWN LLP**
Dale J. Giali (150382)
dgiali@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248
[Additional Counsel Listed On Signature Page]
**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KATIE SIMPSON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CALIFORNIA PIZZA KITCHEN, INC. and NESTLÉ USA, INC.,

Defendants.

Case No: 3:13-cv-00164-JLS-JMA
Pleading Type: Class Action

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

Judge: The Hon. Jan M. Adler

# INTRODUCTION

## A. Plaintiff's Preliminary Statement

On January 21, 2013, plaintiff filed this class action against defendants California Pizza Kitchen, Inc. and Nestle USA, Inc. Dkt. 1. By January 25, 2013, all parties had been served copies of the Complaint. *See* Dkts. 3-4. On February 11, 2013, counsel for plaintiff attempted to set up a date and time to confer under Fed. R. Civ. P. 26(f) to begin the discovery process. Defendants refused to agree upon a date for conference, despite several requests and attempts at compromise, necessitating this motion to compel their participation in a 26(f) conference.[1]

## B. Defendants' Preliminary Statement

Defendants never refused to agree upon a date for the conference. Rather, defendants pointed out the relatively common position – and one recognized in Rule 26 itself – that the commencement of disclosures and discovery is not appropriate in all cases and is not appropriate in this case due to the particular circumstances here. Because disclosures and discovery should not commence – and because a case management conference has not been scheduled – convening the Rule 26(f) conference is unnecessary, premature, and would allow plaintiff to proceed with discovery before the Court had an opportunity to consider defendants' position on a discovery plan under Rule 26(f)(3).

Plaintiff is attempting to exploit the discovery process and prematurely force a Rule 26(f) conference when the Rule 26(f) conference is neither required nor practicable solely to allow her to serve discovery. But commencing disclosures or discovery now makes no sense:

---

[1] Defendant's claim herein that Plaintiff's amendment to her complaint was in response to Defendant's service of a frivolous Rule 11 motion is false. The changes to the Amended Complaint were fairly minor, and did not withdraw *any* of the causes of action in the initial complaint.

● This week, plaintiff elected to file a new amended complaint (Dkt. 13) instead of opposing defendants' motion to dismiss (Dkt. 11).

● The amended complaint, like its predecessor, is objectively baseless and defendants are preparing, and will soon file, a new motion to dismiss.

● ***Plaintiff has already withdrawn one frivolous complaint in this case in the face of defendants' motions to dismiss and for sanctions***. Defendants served a Rule 11 motion based on plaintiffs' initial complaint on March 14, 2013. Because the amended complaint is also frivolous, defendants are preparing, and will soon serve, another Rule 11 motion. Disclosures and discovery should not start during Rule 11's 21-day safe harbor, during which plaintiff should withdraw her offensive pleading, like she did last time. And if she does not withdraw it, discovery should not start until after the Court rules on defendants' motion to dismiss the amended complaint and the related Rule 11 motion.

In this context, the efficient course is to wait until the pleadings are settled, then set a Rule 16 conference, and – only at that time – have a Rule 26(f) conference. Until then, any meet and confer about a discovery plan is meaningless because the parties do not know what claims, if any, plaintiff can or will pursue. Indeed, that is just what the Rules provide (*see* Fed. R. Civ. P. 16 and 26); what courts do in cases like this (*see* below); and what Supreme Court precedent requires in large complex cases (*Twombly v. Bell Atl. Corp.*, 550 U.S.544, 558-59 (2007)).

## ARGUMENT

### A. Plaintiff's Position

### I. Defendants' Unilateral Refusal To Confer under Fed. R. Civ. P. 26(f) Violates Its Obligation to "Confer as Soon as Practicable"

Fed. R. Civ. P. 26(f) commands parties to "confer as soon as practicable" to initiate the discovery process. "The requirement that the parties confer to develop a discovery plan may be the single most important provision in the discovery architecture of Rule 26."

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §26.143 (3d ed., 2010) [hereinafter MOORE'S] (citing Fed. R. Civ. P. 26(f)(1)). "It is simple in its demand but far-reaching in its potential for smoothing the flow of discovery, and courts should be rigorous in enforcing the conference requirement." *Id*. Local Rule 16.1(b) further requires "[a]ll counsel . . . must proceed with diligence to take all steps necessary to bring an action to readiness for trial." S.D. Cal. L.R. 16.1(b).

In the interest of bringing this "action to readiness for trial," and meeting the demands of Rule 26 to meet "as soon as practicable," plaintiff's counsel contacted counsel for defendants on February 11, 2013 to set up a date and time to confer under Rule 26(f). *See* Decl. of Melanie Persinger. Despite Counsel's efforts, including multiple attempts at compromise, defendants' have refused to comply and agree upon a date to confer.

Defendants' stated basis for their refusal is because they claim to be assured of winning their motion to dismiss.

In conferring with plaintiff, defendants also indicated that they would refuse to confer until a scheduling conference was set up the Court, or until after they were required to answer, likely several months in the future, thus preventing plaintiff from serving discovery.

Sometimes such a lengthy stay of discovery may be reasonable, but if defendants wish to stay discovery for this reason, their proper approach would be to state their desire to stay discovery in the Rule 26(f) report, or else file a motion to stay discovery, rather than refuse their clear duty to "confer ***as soon as practicable***." Indeed, this is the normal method by which discovery stays or bifurcations are granted, not the refusal of a mandatory meeting of counsel.

Accordingly, plaintiff seeks an order compelling defendants to fulfill their duty to confer under Fed. R. Civ. P. 26(f). *See ING Bank, fsb v. Fazah*, 2009 U.S. Dist. LEXIS 106682, at *9-10 (E.D. Cal. Nov. 13, 2009) ("Because defendant has failed to participate

in the Rule 26(f) conference, plaintiff's motion for an order requiring him to do so is granted.").

Moore's describes the importance of the Rule 26(f) discovery conference requirement:

> The development of a sound discovery plan, to which all of the parties agree, and which receives the court's imprimatur, particularly in complex cases, is the most certain way to avoid contentious and expensive discovery disputes. The courts should, therefore, exercise their power to assure that counsel and the parties take their obligations at the discovery conference seriously, and should not tolerate half-hearted compliance with the letter or spirit of the Rule 26(f) discovery conference requirement.

MOORE'S at §26.143.

The "spirit of the Rule 26(f) discovery conference requirement" is embodied in the language of the rule that requires the conference to occur "as soon as practicable." While the rule also maintains "in any event at least 21 days before a scheduling conference," such a final deadline cannot be construed to allow a party to refuse to confer until this last possible final date. Nor is waiting such a long time fair to plaintiff, whose time in preparing the joint report would be severely constrained if the conference before the report is held so soon before the deadline for the joint report.

## II. Equity Favors Granting Plaintiff's Requested Relief

Moreover, equity favors the granting of plaintiff's relief. Her complaint, supported by ample references to scholarly medical journals, alleges that defendants' business practices cause grievous and irreversible damage to public health. Indeed, Nestle's practice challenged here, selling frozen pizza made with high levels of artificial trans fat, is illegal in its home country of Switzerland.

Further, discovery costs in this action will likely be miniscule in comparison to

defendants' billions in annual revenue. Here, "the potential harm" to defendants is "minimal," while the public suffers "irreparable harm" as a result of defendant's practices. *Elder v. Nat'l Conf. of Bar Examiners*, 2011 U.S. Dist. LEXIS 15787, at * 34 (N.D. Cal. Feb. 16, 2011). Accordingly, "the balance of equities tips in [plaintiff's] favor." *Id*. *See also* Complaint at pp. 4-10 (documenting the ample evidence of the public harm of Nestle's conduct).

**B. <u>Defendants' Position</u>**

**I. Defendants Proposed That The Rule 26(f) Conference Take Place Only After A Case Management Conference Is On Calendar, So That The Court Can – At The Case Management Conference – Consider Defendants' Position That Discovery Be Stayed Until After The Pleadings Are Settled, Consistent With Discovery Stays In Similar Cases**

The requirement that parties meet and confer "as soon as practicable" does not mean the parties shall meet and confer "as soon as possible." The term "practicable" encompasses consideration of when it is practical, logical, and efficient. *See, e.g., Dawson v. Piggott*, CIV.A. 10-00376-WS-N, 2010 WL 3717408 (S.D. Ala. Sept. 9, 2010) (when conference was practicable included consideration of pending motion to dismiss).

Defendants intend to file a motion to dismiss the amended complaint, which, like their motion to dismiss the initial complaint, will include multiple dispositive arguments. Defendants also intend to serve a Rule 11 motion for sanctions because the amended complaint is frivolous. Indeed, the last time – in connection with plaintiff's initial complaint – defendants served a Rule 11 motion, plaintiff withdrew her complaint 12 days later.

Defendants' position – that discovery should await a viable complaint – is consistent with a long list of analogous putative class actions. *See, e.g., Ivie v. Kraft Foods Global, Inc., et al.*, No. C-12-02554-RMW (N.D. Cal. Feb. 8, 2013) (Dkt. 48)

("The Court vacated the CMC that was set for today until the pleadings are resolved."); *Kosta v. Del Monte Corp.*, No. C-12-1722-YGR (Feb. 25, 2013 N.D. Cal.) (Dkt. 84) ("In light of the pending motions, the Court will not yet open discovery."); *Samet v. Procter & Gamble Co.*, No. C-12-1891-PSG (March 19, 2013) ("The court defers setting case schedule pending ruling on motions to dismiss . . . Discovery is stayed."); *Rosen v. Unilever United States Inc.*, No. 09-2563 (April 22, 2010 N.D. Cal.) (Dkt.55); *Red v. Unilever United States Inc.*, No. 10-387 (April 22, 2010 N.D. Cal.) (Dkt. 60); *Chacanaca v. The Quaker Oats Company*, No. C 10-502 (May 14, 2010 N.D. Cal.) (Dkt.21); *Yumul v. Smart Balance, Inc.*, No. CV 10-927 (May 17, 2010 C.D. Cal.) (Dkt.18); *Bahn v. Nestlé USA, Inc.*, No. CV 10-1022 (June 15, 2010 C.D. Cal.) (Dkt.24); *Red v. Kroger Co.*, No. CV 10-1025 (June 28, 2010 C.D. Cal.) (Dkt.38); *see also, e.g., Coss v. Playtex Products LLC,* 2009 WL 1455358 (N.D. Ill May 21, 2009); *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Syverson v. Int'l Bus. Machs. Corp.*, 2007 WL 2904252, at *6 (Oct. 3, 2007 N.D. Cal.); *APL Co. Pte Ltd. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006).

The same result is warranted here. But, by rushing a Rule 26(f) conference prior to a Case Management Conference being scheduled, plaintiff is attempting to get a jump on discovery before the Court can even consider such important case management issues.

## II. Plaintiff Sought An Early 26(f) Motion To Attempt To Manipulate Proper Procedure And Put Defendants At A Disadvantage

Plaintiff seeks to hold a Rule 26(f) meeting, knowing that and because such a conference unlocks the door to requiring initial disclosures and serving discovery. Conducting the Rule 26(f) meeting without an initial Case Management Conference on calendar, however, would make illusory defendants' right to avail themselves of the provisions of Fed. R. Civ. P. 26(f)(3) and Fed. R. Civ. P. 16(b)(3)(B)(i) & (ii), which allow parties to present a discovery plan to the Court at the Case Management Conference

for the express purpose of modifying the timing of or limiting disclosures and discovery ***before*** any disclosures or discovery are due.

Exploiting the Rules for strategic benefit, plaintiff sought to rush into a Rule 26(f) conference and then unleash class action discovery on defendants before a Case Management Conference was scheduled. Plaintiff, *supra*, cites authority for the proposition that a "sound discovery plan" that receives "the court's imprimatur" is of the utmost importance. Yet plaintiff sought to conduct the 26(f) conference in accordance with a schedule that would ***not*** have permitted the Court's input because no Case Management Conference has been scheduled.

Plaintiff asserts that she will be disadvantaged by defendants' waiting until the deadline for the 26(f) conference provided in the Rules because it will shorten the time she has to prepare her portion of the joint report. Defendants are not necessarily advocating waiting until the deadline to conduct the 26(f) conference, but rather are advocating waiting until a Case Management Conference is on calendar so that the parties can present their competing discovery proposals to the Court prior to discovery commencing. In any event, plaintiff's complaint about having insufficient time to prepare the joint report is not against defendants, but against the drafters of the Federal Rules. *See* Fed. R. Civ. P. 26(f)(2). Moreover, plaintiff is well aware of defendants' discovery position and there is nothing to stop her from preparing her responsive argument now.

**III. Equity Favors Denying Plaintiff's Requested Relief**

Equity indicates that defendants should not be required to begin the discovery process before the allegations are settled, especially where, as here, the complaint is facially absurd and unprecedented (*e.g.*, claiming frozen pizza is a public nuisance because it contain trans fat, a legal food additive "generally recognized as safe" by the governing regulatory agency – the U.S. Food & Drug Administration). Indeed, in large complex cases, the Supreme Court has emphasized the importance of ensuring a plaintiff

can state a claim before opening the flood gates on massive and expensive discovery. *See, e.g., Twombly*, 550 U.S. at 558-59 (costs of discovery justify requiring specificity in pleading before a case may proceed). Yet, amazingly, plaintiff asserts that the flood gates should be open for potentially unnecessary and unwarranted discovery because defendants can allegedly afford it due to their "billions" in revenue. And, by rushing the 26(f) conference, plaintiffs want to race into discovery in the absence of the Court oversight provided for at Rule 26(f)(3) and Rule 16(b)(3)(B)(i) & (ii).

Plaintiff's position is against the weight of authority. *See Twombly*, 550 U.S. at 558-59. Here, discovery costs in a class action, particularly one allegedly involving twenty-six (26) products from three different brands sold over a four year period, will be substantial, and whether defendants can afford that unnecessary cost is irrelevant. Until the case progresses to the point where the operative complaint is at issue, defendants should not be required to expend substantial resources on discovery. *Id*. These considerations are particularly applicable to this case, where there are real issues relating to the viability of the allegations. Rules 16 and 26 are designed to manage these issues in an elegant and orderly manner. Plaintiff's request ignores all of that without any justification.

DATED: March 29, 2013

/s/ Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

DATED: March 29, 2013

MAYER BROWN LLP
Carmine R. Zarlenga (*pro hac vice*)
czarlenga@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202)263-3300

Dale J. Giali (150382)
dgiali@mayerbrown.com
Andrew Z. Edelstein
aedelstein@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

By: /s/ Dale J. Giali
Dale J. Giali
Attorneys for Defendants
NESTLÉ USA, INC. and
CALIFORNIA PIZZA KITCHEN, INC.