**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

**Counsel for Plaintiff and the Proposed Class**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATIE SIMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PIZZA KITCHEN, INC. and NESTLE USA, INC.<br><br>Defendants. | Case No: 3:13-cv-00164-JLS-JMA<br>Pleading Type: Class Action<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING ON DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**<br><br>Judge: The Hon. Janis L. Sammartino |

**I.  The Advisory Committee Notes Stating "in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation," Are Not "Selectively Quoted" Nor "Superseded" by the 1993 Amendments.**

Although the *authors of Rule 11* agree with Plaintiff that the hearing on Nestle's Rule 11 motion should normally "be determined at the end of the litigation," Nestle makes two arguments in opposition to a continuance. First, it claims this statement is "selectively quot[ed]." Opp. at 6. It is not. The entire paragraph from the Advisory Committee Notes is as follows:

> A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so. The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter. The procedure obviously must comport with due process requirements. The particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under consideration. In many situations the judge's participation in the proceedings provides him with full knowledge of the relevant facts and little further inquiry will be necessary.

Fed. R. Civ. P. 11, ADVISORY COMMITTEE NOTES. Thus, Nestle's assertion that Plaintiff dishonestly engaged in "selective quot[ation]" is itself disingenuous, as the section plaintiff quoted reads no differently in this complete context. Indeed, multiple judges have "selectively quoted" this exact passage. See the many cases cited two paragraphs below.

Next, Nestle argues the 1983 Advisory Committee notes specifying that Rule 11 motions "normally will be determined at the end of the litigation" has been "long-since-superseded" by the "landmark 1993 Amendments to Rule 11." Opp. at 5. Yet the lengthy advisory notes for the 1993 amendments *nowhere* say that the 1983 notes are obsolete or superseded, even as they carefully describe, in over 25 often-lengthy paragraphs, each and every *actual change* made by the 1993 amendments.

1

Nor do Defendants explain, if the "determined at the end of the litigation" language were "long-since-superseded" by the 1993 amendments, why courts continue to rely on this passage. *See Rodriguez v. Serv. Employees Int'l*, 2010 U.S. Dist. LEXIS 97639, at *4 (N.D. Cal. Sept. 1, 2010) (quoting and following 1983 language, finding Rule 11 motion "premature"); *Hammary v. Soles*, 2013 U.S. Dist. LEXIS 40033, at *32 (M.D.N.C. Mar. 22, 2013) (same); *Nova Leasing, LLC v. Sun River Energy, Inc.*, 2012 U.S. Dist. LEXIS 36261, at *4 (D. Colo. Mar. 19, 2012) (quoting 1983 passage and denying motion for Rule 11 sanctions without prejudice "until the claims are addressed on their merits through an appropriate dispositive motion or trial"); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 244 F.R.D. 70, 74 (D. Me. 2007) (quoting and following 1983 language); *Louros v. Kreicas*, 2003 U.S. Dist. LEXIS 18292, at *7 (S.D.N.Y. Oct. 15, 2003) (same); *Bonner v. Dawson*, 2003 U.S. Dist. LEXIS 19069, at *27 (W.D. Va. Oct. 14, 2003) (same). *See also* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337.1 (3d ed. 2004) ("If the challenged conduct is the institution of the action itself . . . whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case." (citing 1983 language)).

There is some irony in Nestle's claim that Plaintiff relies on superseded portions of Rule 11. In its sanctions motion, Nestle represents that "Rule 11 ***mandates*** sanctions when it is violated." Doc 21-1 at 20 (emphasis added) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)). However, "under the pre-1993 Rule, the imposition of sanctions ***was mandatory*** upon finding a violation of the Rule; ***under the amended Rule, the imposition of sanctions is discretionary***." *MacDraw, Inc. v. CIT Group Equip. Fin.*, 73 F.3d 1253, 1258 (2d Cir. 1996) (emphasis added). This language is reflected in Rule 11 itself, which states "If . . . the court determines that Rule 11(b) has been violated, the court ***may impose*** an appropriate sanction[.]" Fed. R. Civ. P. 11(c)(1) (emphasis added).

2

*Simpson v. California Pizza Kitchen Inc., et al.*, Case No. 3:13-cv-00164-JLS-JMA
REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING

In summary, despite Nestle's 14-page Opposition to a continuance motion, it has not demonstrated why the Court should deviate from the procedure intended by the drafters of Rule 11, and repeatedly followed by courts and recommended by learned treatises. Plaintiff's motion should be granted on this ground alone..

## II. The Ninth Circuit Requires Courts Observe the Due Process Protections of Criminal Procedure Before Awarding Punitive Sanctions Such as Those Requested by Defendants

Nestle's arguments that the punitive nature of its requested $200,000 sanction does not require the protections of criminal procedure fare no better than its argument that the 1983 Advisory Committee Notes are "superseded."

Nestle's first argument is that it complied with the 21-day safe harbor requirement. Such question, however, is irrelevant to this motion, as the safe harbor governs when a party may *file* a Rule 11 motion, not when it is *heard*, or under what standard of evidence.[1]

Next, Nestle cites several cases saying a hearing may not even be required before Rule 11 sanctions may be awarded. That is true, in some instances, but not when the sanction requested is punitive. And Nestle nowhere disputes that its request is punitive, nor could it given its massive $200,000 requested sanction, and that it has already conceded as much.[2]

Nestle's next argument is that the Court should ignore many of the cases Plaintiff cites holding that the protections of criminal procedure are required before the imposition of punitive sanctions, because they did not "arise in the Rule 11 context." Opp at 8. Nestle makes no argument, however, why the due process protections of the United

---

[1] Plaintiff disputes whether Nestle complied with the Rule 11's safe harbor requirement, but reserves this argument for her opposition to the motion, should one be needed.

[2] *See* Dkt. No. 21-1 at 20 (quoting a case noting sanctions paid to the Court, as Nestle requests here, is a "penalty").

3

*Simpson v. California Pizza Kitchen Inc., et al.*, Case No. 3:13-cv-00164-JLS-JMA
REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING

1  States Constitution vary based on the particular authority under which a punitive sanction
2  is imposed.

3  In one of the cases Nestle tries but fails to distinguish, the Second Circuit, in reversing a punitive sanction due to the district court's failure to follow criminal procedure, explicitly notes punitive sanctions may occur "either as a result of a finding of contempt, pursuant to the court's inherent power, or under a variety of rules such as **Fed. R. Civ. P. 11** and 37[.]" *Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 128 (2d Cir. 1998) (emphasis added). All of these circumstances equally present the situation where "the trial court may act as accuser, fact finder and sentencing judge, not subject to restrictions of any procedural code and at times not limited by any rule of law governing the severity of sanctions that may be imposed." *Id*. And it was on this basis that *Mackler* reversed the district court for not affording the sanctioned party the procedural protections of criminal contempt proceedings. *Id.* at *130; *see also F.J. Hanshaw Enters. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001) ("We agree with the reasoning of the Second Circuit in *Mackler Productions*, which held substantial punitive sanctions to be enough like criminal contempt to warrant the same due process protections."); *Cotner v. Hopkins*, 795 F.2d 900, 903 (10th Cir. 1986) ("We turn now to the district court's imposition of the $1,000 fine pursuant to Fed. R. Civ. P. 11. . . . [W]e conclude that the district court abused its discretion in failing to afford plaintiff the procedural protections of Fed. R. Crim. P. 42(b)").

The Court, of course, need not resolve today the issue of whether criminal procedure requirements apply here. Nestle's argument that Rule 11's safe harbor provision supplants criminal procedure protections, Opp. at 3, strikes Plaintiff as exceptionally weak in light of controlling Ninth Circuit authority, but should the Court deny the pending motion to dismiss, it will become moot. Such economy is exactly what the authors of Rule 11 intended, and expressly stated in their Advisory Committee Notes, which have been followed time and time again.

4

*Simpson v. California Pizza Kitchen Inc., et al.*, Case No. 3:13-cv-00164-JLS-JMA
REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her application.

DATED: May 13, 2013

Respectfully Submitted,

/s/ Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

5

*Simpson v. California Pizza Kitchen Inc., et al.*, Case No. 3:13-cv-00164-JLS-JMA
REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING