# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE SIMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA PIZZA KITCHEN, INC. and NESTLE USA, INC.,<br><br>Defendants. | CASE NO. 13-CV-164 JLS (JMA)<br><br>**ORDER DENYING EX PARTE MOTION TO CONTINUE HEARING**<br><br>(ECF No. 22) |

Presently before the Court is Plaintiff Katie Simpson's ("Plaintiff") *ex parte* motion to continue the hearing on Defendants California Pizza Kitchen and Nestle USA, Inc.'s ("Defendants") motion for Rule 11 sanctions. (ECF No. 22.) Also before the Court are the parties' opposition and reply. (Opp. to Mot., ECF No. 23; Rep. in Supp., ECF No. 24.)

Plaintiff argues that the Court should decline to rule on Defendants' Rule 11 motion until after the hearing on Defendants' previously filed motion to dismiss. (ECF No. 22 at 3.) The hearing on Defendants' motion to dismiss is currently set for June 6, 2013, (ECF No. 20), and the hearing on Defendants' motion for Rule 11 sanctions is currently set for July 11, 2013. As the Rule 11 hearing is set for thirty-five days after

the hearing on Defendants' motion to dismiss, it is unclear why Plaintiffs are concerned that the Court will rule on the Rule 11 motion prior to the hearing on Defendants' motion to dismiss.

Further, to the extent that Plaintiff argues that Plaintiff's counsel are entitled to the protections of criminal contempt proceedings, Plaintiff fails to cite to any persuasive authority. Procedural due process in the Rule 11 context requires only that Plaintiff be given notice and an opportunity to respond to the motion for sanctions. *Hudson v. Moore Business Forms, Inc.*, 898 F.2d 684, 686 (9th Cir. 1990); *see also In re DeVille*, 361 F.3d 539, 552 (9th Cir. 2004) ("The 1993 notes provide controlling insight into current Rule 11 and current Rule 9011, foreclosing the contention that the drafters of either rule were contemplating a criminal process."). Here, Defendants have properly given notice to Plaintiff and complied with Rule 11's safe harbor provision. Plaintiff will further have an opportunity to respond by filing an opposition to Defendants' motion and appearing for oral argument if warranted. Accordingly, Plaintiff has failed to demonstrate a valid reason to alter the July 11, 2013 hearing date and Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 29, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge